Viñas *v.* Aldrey, Juez de Distrito.

Solicitud para que se expida mandamiento de *Certiorari.*

No. 36.—Resuelto en diciembre 20, 1907.

Apelación—Casos Procedentes de la Corte Municipal—Desestimación.—La resolución de la corte de distrito desestimando la apelación interpuesta contra sentencia de la córte municipal por no haberse presentado la transcripción de autos en aquella corte, dentro de los diez días siguientes al pronunciamiento de la sentencia apelada, debe quedar subsistente, por los fundamentos consignados en la opinión del caso de *López Zárate* v. *Villavaso,* 12 Decisiones de Puerto Rico, 53.

ID.—MOCIÓN INTERESANDO SE DEJE SIN EFECTO UNA ORDEN DE DESESTIMACIÓN.—
Una moción interesando se deje sin efecto la desestimación de una apelación
decretada por la Corte de Distrito, depende de la facultad discrecional de
dicha Corte y á no ser que se demuestre que esta hubiera abusado de sus
atribuciones en este respecto, la resolución recaída á tal moción debe dejarse
subsistente.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Texidor.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del
tribunal.

La petición de *certiorari* fué presentada en esta corte el
día 19 de noviembre de 1907. Fué concedido el auto en 29
del mismo mes, señalándose día para la vista, la que se cele-
bró el día 4 de diciembre. Entre los documentos elevados á
este tribunal por el Juez de la corte de distrito, no figuran los
originales presentados en la corte municipal, ni son necesa-
rios para los fines de este caso.

La acción de la corte de distrito de que se queja consiste
en haber desestimado el recurso de apelación interpuesto ante
la corte de distrito contra la resolución de la corte municipal,
y la negativa del juez de reconsiderar su resolución, y anular
la orden desestimando la apelación.

Aparece que la sentencia fué dictada por la corte municipal
el día 24 de agosto del corriente año. Se interpuso recurso de
apelación contra la misma para ante la Corte de Distrito de
San Juan en 3 del siguiente mes de septiembre. Se presentó
una moción en la corte de distrito en 15 de octubre próximo
pasado, solicitando que se desestimara la apelación, y ésta
fué desestimada el día primero de noviembre siguiente. La
razón alegada por el juez de la corte de distrito por haber
desestimado el recurso de apelación es que no se había reci-
bido la copia del récord dentro de los diez días después de
dictada la sentencia de la corte municipal. Dicho juez, en
su dictamen escrito, hace referencia á la resolución de este
Tribunal en el caso del *José López Zárate* v. *William Villa-
vaso,* dictada el día 13 de febrero de 1907. Los casos son com-
pletamente parecidos y, de acuerdo con la resolución de esta

corte en el referido caso, la acción del juez de la corte de
distrito en el caso de autos fué justificada. No es necesario
reiterar las razones, expresadas por este tribunal al dictar su
resolución en el caso de *López* v. *Villavaso,* ni tampoco la
discusión del derecho aplicable á tales casos hecha en dicho
dictamen. Basta decir que ese dictamen tiene nuestra
aprobación.

La única cuestión que queda, pues, para resolver en este
caso, es la negativa de la corte de anular la resolución por
la que desestimó la apelación; cuya resolución fué dictada
en primero de noviembre último pasado. Las razones ex-
puestas como fundamento de la moción solicitando se anulara
dicha resolución, cuya moción se llama erróneamente moción
para que se reconsidere una resolución, son: primera, apa-
rece de la misma moción que solicitó se desestimara la apela-
ción que el apelado fué notificado, y que en el mismo día el
abogado del apelante entregó al secretario de la corte muni-
cipal su escrito de apelación; segunda, que después entregó
al secretario las costas pertenecientes á la corte de distrito,
pero que el oficial encargado de registrar las acciones no las
había recibido porque no habían sido remitidas; tercera, que
la demora por parte de la corte municipal en elevar el récord,
fué motivada por un error sufrido por dicho oficial, que en
vez de aplicar el dinero entregádole á este asunto, lo aplicó
á otra apelación; cuarta, que dicho recurso se encuentra ins-
crito en los libros de la corte de distrito, donde aparece que
ha sido depositada la cantidad necesaria para las costas, y re-
mitida por el secretario de la corte municipal, que demuestra
que las ha recibido.

La moción solicitando que se anulara la orden que deses-
tima la apelación, fué dirigida á la discreción del juez de la
corte de distrito, y á menos que encontremos que ha abusado
de dicha discreción, su orden desestimando la moción debe
prevalecer. Pero, al examinar los autos, vemos que estaba
obligado á desestimar el recurso, de acuerdo con la resolución

dictada en el caso de *López* v. *Villavaso,* anteriormente citado, y que no incurrió en error al dictar la orden desestimando el recurso. La moción solicitando que se anulara la resolución y restablecer el recurso de apelación fué apoyada meramente por la declaración jurada de uno de los abogados que la firmó. Pudiera haberse presentado también la declaración jurada del secretario de la corte municipal, en apoyo de la moción, si era bien fundada. La propia moción es muy limitada y las alegaciones de la misma no son satisfactorias. No expresa la cantidad depositada para costas en la corte municipal, ni la fecha en que se verificó, ni la causa del error que se alega haber cometido el secretario, ni el título del caso ó recurso á que fué erróneamente aplicado, ni ninguna de las circunstancias que acompañaban á la operación.

Es difícil comprender cómo hubiera podido el juez de la corte de distrito conceder esta moción, ó dar otro paso alguno más que en el acto desestimar la moción.

No existiendo error alguno en la orden dictada por la corte de distrito, el auto de *certiorari* será anulado con las costas al peticionario, dejando en vigor la resolución apelada, y en libertad la corte de distrito para que proceda en este caso los mismo que si no se hubiera dictado el auto.

*Casado.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Hernández y Figueras.

Juez disidente: Sr. Wolf.

### VOTO DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

Las razones que tengo para disentir en este caso son, en sustancia, las mismas que las expresadas en el caso de *José López Zarate* v. *William Villavaso,* á la cual ha hecho referencia la opinión de la mayoría.

A mi juicio es una injusticia que el apelante tenga que perjudicarse por haber dejado el secretario de la corte municipal de enviar el récord. Creo que incumbe al apelado si el

secretario de la corte municipal dejó de cumplir con su obligación tomar algunas medidas tendentes á hacer que se remitieran los documentos de la apelación de la corte municipal á la corte de distrito.